UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
IN THE BECKLEY DIVISION

KRISTIE SIX, on behalf of herself and all other
similarly situated,

        CASE NO.:   5:21-cv-00451

    Plaintiff,

vs.

LOANCARE LLC, *et. al.,*

    Defendants.

## NOTICE OF REMOVAL

Defendants LoanCare, LLC ("LoanCare") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively, "Defendants") submit the following Notice of Removal based upon 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), 1441(b), 1446, and 1453. In support of this removal, Defendants state as follow:

## STATEMENT OF JURISDICTION

**Removal is Timely; All Required Process/Pleadings are Attached; Notice Has Been Given**

    1.    On or about June 15, 2021, Plaintiff Kristie Six ("Plaintiff") commenced an action in the Circuit Court of Raleigh County, West Virginia, styled *Kristie Six, on behalf of herself and all others similarly situated, vs. LoanCare, LLC and Lakeview Loan Servicing, LLC,* Case No. CC-41-2021-C-174 by filing a Complaint.[1]

    2.    Generally, Plaintiff alleges that she represents a class of individuals with "a property in West Virginia" for whom LoanCare acted as a servicer or subservicer for their mortgage and who then charged, collected or attempted to collect certain fees. (Complaint, ¶28.) Plaintiff alleges a violation of the West Virginia Consumer Credit and Protection Act, a breach-of-contract claim, and unjust enrichment.

---

[1] Defendants reserve all defenses and objections to Plaintiff's Complaint.

3.  The Complaint and Summonses served on Defendants are attached as Exhibits A and B, respectively.

4.  On July 16, 2021, the Complaint was served on both Lakeview and LoanCare.

5.  This notice has been timely filed within the period required under 28 U.S.C. § 1446.

6.  Pursuant to 28 U.S.C. § 1441(a), a copy of all process and pleadings served upon Defendants are attached hereto as Exhibit C. Pursuant to LR Civ. P. 3.4(b), the state court docket sheet from the Circuit Court in Raleigh County is attached as Exhibit D. Further, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Circuit Court of Raleigh County, West Virginia. A copy of the state court notice, without attachments, is attached hereto as Exhibit E.

## Venue is Proper in This Court

7.  The Circuit Court of Raleigh County, West Virginia is located in the Southern District of West Virginia in the Beckley Division. 28 U.S.C. § 129(b); Local R. Civ. P. 77.2. Therefore, venue for removal is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## The CAFA Requirements for Removal are Satisfied

8.  This Court has original jurisdiction over this action and removal is appropriate pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

9.  Pursuant to 28 U.S.C. § 1332(d), district courts have original jurisdiction over class actions where the class has a minimum of 100 members, the primary defendants are not "States, State officials or other governmental entities against whom the district court may be foreclosed from ordering relief," and "the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, and is a class action in which (A) any member of a class of plaintiffs is a

citizen of a State different from any defendant." CAFA also permits a class's damages to be aggregated to determine whether the amount in controversy is sufficient. 28 U.S.C. § 1332(d)(6). Class actions that meet those requirements are removable under 28 U.S.C. § 1453(b).

10. This matter is removable under CAFA because (a) the putative class contains more than 100 class members, (b) neither LoanCare nor Lakeview is a "State[], State official[], or other governmental entit[y] against whom the district court may be foreclosed from ordering relief," (c) the amount in controversy exceeds the value of $5,000,000, exclusive of costs and interests, and (d) any member of a class of plaintiffs is a citizen of a State different from any defendant.

### The Size of the Putative Class Exceeds CAFA's 100-Member Minimum

11. First, the putative class has a minimum of 100 members. Plaintiff alleges that "Defendants are industry leading holders and servicers of residential mortgages." (Complaint, ¶1.) Plaintiff also alleges that LoanCare "operates around the country." (*Id.* at ¶11.) Plaintiff seeks to represent "[a]ll persons (1) with a residential mortgage loan securing a property in West Virginia, (2) serviced or sub-serviced by Lakeview and/or LoanCare, (3) who paid a fee to LoanCare for making a loan payment online, by telephone or interactive voice recognition (IVR) during the applicable statutes of limitations . . ." (*Id.* at ¶28.) Further, Plaintiff alleges that "the putative class is so numerous that joinder of all members is impractical." (*Id.* at ¶30.)

12. LoanCare's records indicate that during the statute of limitations period more than 100 individuals (1) had a residential mortgage loan securing a property in West Virginia, (2) sub-serviced by LoanCare, and (3) paid a fee to LoanCare in connection with LoanCare's optional online, telephone, or voice response unit ("VRU")[2] payment services ("Optional Payment Services"). (Ex. F, Declaration of Peter O'Bryant ("O'Bryant Decl."), ¶5)

---

[2] "VRU" is the equivalent of "IVR."

13. Accordingly, the putative class meets the requirement of having a minimum of 100 members.

### No State, State Official, Nor Other Governmental Entity is a Primary Defendant

14. Second, neither Defendant is a State, a State official, or other governmental entity against whom the district court may be foreclosed from ordering relief. *See* 28 U.S.C. § 1332(d)(5). Plaintiff does not make any allegation to the contrary.

### The Amount in Controversy Satisfies CAFA's $5 Million Requirement

15. Third, while Defendants deny the allegations contained in the Complaint and denies that Plaintiff or any putative class member is entitled to any monetary relief, the amount in controversy at the time of removal satisfies the jurisdiction threshold because Plaintiff seeks—and a fact-finder legally might award—aggregate damages in excess of the $5 million amount-in-controversy requirement, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(6).

16. Plaintiff alleges that "Defendants are debt collectors as defined by West Virginia Code §46A-2-122(d) engaging directly or indirectly in debt collection". (Complaint, ¶41.) Plaintiff alleges Defendants violated the West Virginia Consumer Credit and Protection Act in seven ways. (*Id.* at ¶42.) Plaintiff also alleges that West Virginia Code § 46A-5-101(1) authorizes the court to "award a civil penalty to Plaintiff and all class members for *each violation* of any provision of Chapter 46A." (Complaint at p. 11 [emphasis added].) Statutory penalties include awarding $1,000 per violation. *See* West Virginia Code § 46A-5-101(a). Additionally, damages may be adjusted for inflation from September 1, 2015, which would mean that each violation could result in a statutory penalty of $1,146.31. *See* West Virginia Code § 46A-5-106.

17. Plaintiff alleges that she was charged allegedly improper fees 14 times. (Complaint, ¶19.) Plaintiffs seeks to recover the $10 she alleges that she paid each time along with a statutory

penalty of $1,146.31 per each fee payment, such that Plaintiff is seeking to recover $16,188.34, individually.

18. Multiplying Plaintiff's alleged damages by the number of alleged putative class members she seeks to represent shows that aggregate damages are in excess of $5 million, exclusive of costs and interests. Extrapolating Plaintiff's alleged damages number to the putative class, there would need be only 309 putative class members to exceed the $5 million jurisdictional threshold under CAFA (309 x $16,188.34 = $5,002,197.06.) LoanCare records show that, during the statute of limitations period, there are more than 2,000 potential borrower accounts that (1) have or had a residential mortgage loan securing a property in West Virginia, (2) serviced or sub-serviced by LoanCare, and (3) who paid a fee to LoanCare for LoanCare's Optional Payment Services. (O'Bryant Decl., ¶5.)

19. Further, Plaintiff alleges that each instance of fee payment is a violation of the West Virginia Consumer Credit and Protection Act. (Complaint, p. 11). Statutory damages of $1,000 per alleged violation alone—without the inflation amount—would exceed the $5 million threshold with just 5,000 alleged violations. (5,000 x $1,000 = $5,000,000.) LoanCare's records indicate more than 10,000 potential individual instances of fee payment by West Virginia property owners for LoanCare's Optional Payment Services during the four years prior to the filing of the Complaint. (O'Bryant Decl., ¶6.)

20. The foregoing calculations do not include any attorneys' fees that might be awarded in this matter and which would cause the amount in controversy to further exceed the threshold limit of $5 million exclusive of interest and costs.

## CAFA's Requirement of Minimal Diversity is Satisfied

21. Fourth, the minimal diversity required by CAFA exists here because "any member of a class of plaintiffs is a citizen of a State different than any defendant." *See* 28 U.S.C. § 1332(d)(2).

22. Citizenship of the parties is evaluated at the time of filing. *Smith v. Sperling,* 354 U.S. 91, 93 n.1 (1957) ("jurisdiction is tested by the facts as they existed when the action is brought); *see* 28 U.S.C. § 1332(d)(7) ["Citizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint"].

23. 28 U.S.C. § 1332(d)(10) provides that an "unincorporated association" is deemed "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Limited liability companies are "unincorporated associations" as referenced in 28 U.S.C. § 1332(d)(10), because it refers to all non-corporate business entities. *Bartels by & through Bartels v. Saber Healthcare Grp.*, LLC, 880 F.3d 668, 673 (4th Cir. 2018); *Ferrell v. Express Check Advance of SC, LLC,* 591 F.3d 698, 705 (4th Cir. 2010).

24. Plaintiff alleges that LoanCare has its principal place of business in Virginia. (Complaint, ¶7.) LoanCare is a limited liability company organized under Virginia law. (O'Bryant Decl. ¶7; Ex. G, Va. Sec. of State.) Plaintiff alleges that Lakeview has its principal place of business in Florida. (Complaint, ¶6.) Lakeview is a limited liability company organized under Delaware law. (Ex. H, Del. Sec. of State.)

25. Pursuant to 28 U.S.C. § 1332(d)(10), neither Defendant is a citizen of West Virginia. Thus, CAFA's minimal diversity is satisfied if there is even a single plaintiff or putative class member that is a is a citizen of a State different than any defendant. *See* 28 U.S.C. § 1332(d)(2).

26. Plaintiff does not allege her citizenship or the citizenship of any putative class members. Plaintiff instead alleges she was a resident of West Virginia (Complaint ¶5) and that the class consists of "persons [] with a residential mortgage loan securing a property in West Virginia." (Complaint, ¶28). Residency does not establish citizenship. *See Scott v. Crickett Com'ns, LLC,* 865 F.3d 189, 195 (4th Cir. 2017) ("for purposes of diversity jurisdiction, residency is not sufficient to establish citizenship.") Nonetheless, given that the putative class is defined to include "numerous"

persons with residential mortgage loans securing property in West Virginia, it is not just plausible that the putative class necessarily would include at least **one** West Virginia citizen, it is a virtual certainty. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation").

27. Given the foregoing, there is minimal diversity between Defendants and the Plaintiff and putative class.

### The Exceptions to CAFA Jurisdiction Cannot Apply Here

28. Plaintiff cannot establish any exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(4)(A), 28 U.S.C. § 1332(d)(4)(B), or 28 U.S.C. § 1332(d)(3) because each exception requires that one or both Defendants be citizens of West Virginia. *See Quicken Loans, Inc. v. Alig,* 737 F.3d 960, 964 (4th Cal. 2013) (reciting local controversy requirements to include "at least one defendant . . . [who] is a citizen of the state in which the action was originally filed); *Martin v. State Farm Mut. Auto. Ins. Co.,* 2010 WL 3259418, *4 (S.D. W.Va. Aug. 18, 2010) (determining the critical issue in applying CAFA exceptions is whether the defendant is a citizen of the state where the matter was filed); *see also Smith v. Marcus & Millichap, Inc.,* 991 F.3d 1145, 1161 (11th Cir. 2021)(finding that discretionary exception could not be met where a primary defendant was a citizen of a state other than the one where the case was filed). As established above, neither Defendant is a West Virginia citizen.

WHEREFORE, Defendants give notice that Case No. CC-41-2021-C-174, which is presently pending in the Circuit Court in Raleigh County, West Virginia is hereby removed to this Court.

DATE: August 12, 2021                    Respectfully submitted,

**LOANCARE, LLC and**
**LAKEVIEW LOAN SERVICING, LLC**

**By Spilman Thomas & Battle, PLLC**


*/s/ Angela L. Beblo*
Angela L. Beblo (WV Bar No. 10345)
PO Box 273
Charleston, WV  25321-0273
(304) 340-3800
(304) 340-3801 (*facsimile*)
abeblo@spilmanlaw.com

and

Debra Lee Allen (WV Bar No. 9838)
Post Office Box 615
Morgantown, WV 26507-0615
(304) 291-7920/ (304) 216-5835
(304) 291-7979 (*facsimile*)
dallen@spilmanlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**IN THE BECKLEY DIVISION**

KRISTIE SIX, on behalf of herself and all other
similarly situated,

                                                            CASE NO.:    5:21-cv-00451

    Plaintiff,

vs.

LOANCARE LLC, *et. al.,*

    Defendants.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of August, 2021, a true and correct copy of the foregoing **Notice of Removal to Federal Court** with the Clerk of the Court using the CM/ECF system, and that a copy of the same has been served upon counsel of record via regular U.S. Mail, and addressed to the following:

    Jed R. Nolan
    Nolan Consumer Law, PLLC
    P.O. Box 654
    Athens, WV 24712
    Jed@protectwvconsumers.com

    Jason E. Casey
    Bordas & Bordas, PLLC
    1358 National Road
    Wheeling, WV 26003
    jcausey@bordaslaw.com

    Eric J. Buckner
    Katz, Kantor & Stonestreet & Buckner, PLLC
    207 Walker Street
    Princeton, WV 24740
    ebuckner@kksblaw.com

    *Attorneys for Plaintiff*

                                                   */s/    Angela L. Beblo*
                                                   Angela L. Beblo (WV Bar No. 10345)
                                                   *Attorney for Defendants LoanCare, LLC and Lakeview Loan Servicing, LLC*